IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 10-cv-00842-WJM-KLM

DENIS RYSKAMP, Derivatively on Behalf of BOULDER GROWTH & INCOME FUND,

　　Plaintiff,

v.

JOEL W. LOONEY,
DEAN L. JACOBSON,
RICHARD I. BARR,
SUSAN L. COCIORA, and
JOHN S. HOREJSI,

　　Defendants,

and

BOULDER GROWTH & INCOME FUND, INC.,

　　Nominal Defendant.

---

**ORDER COMPELLING PRODUCTION OF INTERVIEW MEMORANDA**

---

THIS MATTER is before the Court on Plaintiff's Motion to Compel Production of Court-Ordered Documents under Fed. R. Civ. P. 37(a) ("Motion to Compel"), ECF No. 110, and the Court's September 1, 2011 Order on Motion to Compel ("Sept. 1 Order"), ECF No. 145, which granted in part and denied in part the Motion to Compel. The Court withheld ruling on the Motion to Compel with regard to the Interview Memoranda described and defined in the Sept.1. Order. For the following reasons, the Court GRANTS the Motion to Compel with regard to the Interview Memoranda.

**BACKGROUND**

The Court herein incorporates the facts and background as set forth in the Sept. 1 Order, ECF No. 145 at 1-5. In the Sept. 1 Order, the Court ordered Defendants to produce for *in camera* review the Interview Memoranda drafted by Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings") following interviews of Joel Looney, Richard Barr, Dean Jacobson, Susan Ciciora, John Horejsi, Stephen Miller, Carl Johns, and Stewart Horejsi regarding the Boulder Growth & Income Fund, Inc.'s ("Boulder") 2008 rights offering. (ECF No. 145 at 26-27.) The Court has reviewed, *in camera*, the Interview Memoranda.

**DISCUSSION**

Plaintiff asserts that the Interview Memoranda drafted by Paul Hastings following interviews of members of the Board, officers of the Fund, and senior employees/officers of the Fund and its Advisers regarding the 2008 rights offering should be produced. (ECF No. 107 at 7.) Defendants argue the Interview Memoranda are counsel's working papers containing summaries of counsel's mental impressions of the interviews and should be privileged under the work product doctrine. (ECF No. 127 at 7-9.)

The work product doctrine protects "documents and tangible things that are prepared in anticipation of litigation or for trial . . . [unless] they are otherwise discoverable under Rule 26(b)(1); and the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). "At its core, the work product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United*

*States v. Nobles*, 422 U.S. 225, 238 (1975).

A party may discover documents that contain fact work product by satisfying the substantial need or undue burden test. Fed. R. Civ. P. 26(b)(3)(A)(ii); *Frontier Refining Inc. v. Gorman-Rupp Co., Inc.,* 136 F.3d 695, 704 n.12 (10th Cir. 1998). However, opinion work product, such as an attorney's mental impressions, conclusions, opinions, or legal theories, receives special protection against disclosure. Fed. R. Civ. P. 26(b)(3)(B) ("If the court orders discovery of these materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.").

In the Sept. 1 Order, the Court found that there is a substantial need for Plaintiff to have access to the Interview Memoranda in order to determine the scope and breadth of the Review Committee's investigation. (ECF No. 145 at 25-26.) Upon *in camera* review, the Court finds that the subject Interview Memoranda do not contain any mental impressions, conclusions, opinions, or legal theories of any attorney from the Paul Hastings law firm which, at one point or another, has been counsel in the course of this dispute to the Review Committee, the Fund and the Independent Directors. (ECF No. 127 at 5). As a consequence, the Court further finds that none of the contents of the Interview Memoranda are protected by the attorney work product doctrine. Accordingly, Defendants shall produce complete and unredacted copies of all of the Interview Memoranda referenced in the Sept. 1 Order to Plaintiff.

The Court notes that the Parties have entered into Stipulated Protective Orders, ECF Nos. 89, 99, 132, protecting documents voluntarily produced in discovery or ordered by the Court to be produced in its Order on Plaintiff's Motion to Compel. Given

the confidential, if not privileged, nature of the Interview Memoranda, they shall be produced subject to these previously-entered Stipulated Protective Orders.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion to Compel, ECF No. 107, with regard to the Interview Memoranda is GRANTED.

1) Defendants shall produce to Plaintiff, on or before September 20, 2011, complete and unredacted copies of all of the Interview Memoranda referenced in the Sept. 1 Order;

2) The Interview Memoranda shall be produced subject to the Stipulated Protective Orders, ECF Nos. 89, 99, 132, previously entered in this action; and

3) All parties shall be responsible for their own attorney's fees and costs incurred as a result of the filing of the Motion to Compel or responding thereto.

Dated this 16th day of September, 2011.

BY THE COURT:

William J. Martinez
United States District Judge