IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00842-WJM-KLM

DENIS RYSKAMP, Derivatively on Behalf of BOULDER GROWTH & INCOME FUND,

      Plaintiff,

v.

JOEL W. LOONEY,
DEAN L. JACOBSON,
RICHARD I. BARR,
SUSAN L. COCIORA,
JOHN S. HOREJSI,
STEWART R. HOREJSI,
STEPHEN C. MILLER,
CARL D. JOHNS,
THE ERNEST HOREJSI TRUST NO. 1B,
BOULDER INVESTMENT ADVISERS, LLC,
STEWART INVESTMENT ADVISERS, and
FUND ADMINISTRATIVE SERVICES, LLC,

      Defendants,

and

BOULDER GROWTH & INCOME FUND, INC.,

      Nominal Defendant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiff's **Unopposed Motion to Restrict Access to Plaintiff's Opposition to Nominal Defendant Boulder Growth and Income Fund, Inc. and the Review Committee's Motion to Dismiss Pursuant to F.R.C.P. 23.1 and 12(b)(6) and All Supporting Documents** [Docket No. 212; Filed January 11, 2012] (the "First Motion to Restrict"); Plaintiff's **Unopposed Motion to Restrict Access to Plaintiff's Opposition to Susan L. Ciciora's and John S. Horejsi's Motion to Dismiss Pursuant to F.R.C.P. 8(a), 9(b) and 12(b)(6)** [Docket No. 217; Filed January 11, 2012] (the "Second

Motion to Restrict"); and the **Joint Motion to Strike Plaintiff's Opposition to Defendants Susan Ciciora's and John S. Horejsi's Motion to Dismiss Plaintiff's Third Amended Complaint Pursuant to Fed. R. Civ. P. 8(a), 9(b) and 12(b)(6) Without Prejudice and With Leave to Re-file** [Docket No. 226; Filed January 17, 2012] (the "Motion to Strike"), filed by Plaintiff and Defendants Susan L. Ciciora and John S. Horejsi.

In accordance with D.C.COLO.LCivR 7.2, the First Motion to Restrict and the Second Motion to Restrict were publicly posted to allow for any objections to the sealing of the documents. No timely objections were filed. Pursuant to D.C.COLO.LCivR 7.2, the Court finds that the presumption of public access to Court files is outweighed by the parties' interest in privacy, and the parties have shown that a less restrictive alternative is not practicable. Accordingly,

IT IS HEREBY **ORDERED** that the First Motion to Restrict [#212] and the Second Motion to Restrict [#217] are **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court is directed to maintain the following documents **UNDER SEAL** at a **LEVEL 1** access restriction:[1]

(1) Opposition to Nominal Defendant Boulder Growth and Income Fund, Inc. and the Review Committee's Motion to Dismiss Pursuant to F.R.C.P. 23.1 and 12(b)(6) [#214];[2] and

(2) Plaintiff's Opposition to Defendants Susan L. Ciciora's and John S. Horejsi's Motion to Dismiss Pursuant to F.R.C.P. 8(a), 9(b) and 12(b)(6) [#219].

IT IS FURTHER **ORDERED** that the Motion to Strike [#226] is **GRANTED**. Both the restricted and public docket entries for Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint [#219, #222] are **STRICKEN**. The restricted docket entry [#219] shall remain under seal at a Level 1 access restriction. Plaintiff may re-file his Response to Defendants Susan L. Ciciora and John S. Horejsi's Motion to Dismiss Pursuant to F.R.C.P. 8(a), 9(b), and 12(b)(6) [#198] no later than **January 23, 2012**.

Dated:  January 18, 2012

---

[1] Level 1, the least restrictive, limits access to the documents to the parties and the Court. *See* D.C.COLO.LCivR 7.2.

[2] Plaintiff also requests that "all supporting documents" be placed under a Level 1 access restriction, but he fails to identify which documents he intends to have restricted by their docket entry numbers. If there are additional documents that Plaintiff is requesting to have restricted, he must file a new motion and identify such documents by their docket entry numbers.