IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00842-WJM-KLM

DENIS RYSKAMP, Derivatively on Behalf of BOULDER GROWTH & INCOME FUND,

    Plaintiff,

v.

JOEL W. LOONEY,
DEAN L. JACOBSON,
RICHARD I. BARR,
SUSAN L. COCIORA,
JOHN S. HOREJSI,
STEWART R. HOREJSI,
STEPHEN C. MILLER,
CARL D. JOHNS,
THE ERNEST HOREJSI TRUST NO. 1B,
BOULDER INVESTMENT ADVISERS, LLC,
STEWART INVESTMENT ADVISERS, and
FUND ADMINISTRATIVE SERVICES, LLC,

    Defendants,

and

BOULDER GROWTH & INCOME FUND, INC.,

    Nominal Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the parties' **Unopposed Joint Motion to Stay Proceedings Pending Mediation** [Docket No. 209; Filed December 28, 2011] (the "Initial Motion") and the parties' **Joint Unopposed Motion to Stay Proceedings Pending Settlement Approval** [Docket No. 53; Filed February 24, 2011] (the "Motion to Stay").

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty-day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

In this case, staying scheduling and discovery would not prejudice Plaintiff or Defendants. The parties agree that there will be no prejudice to either party because they

have reached a tentative settlement agreement.  The Court finds that the first and second *String Cheese Incident* factors weigh in favor of staying scheduling and discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed in this court.  *See Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]").  The third factor thus weighs in favor of staying scheduling and discovery.

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case.  Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Avoiding wasteful efforts by the Court clearly serves this interest.  Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

Weighing the relevant factors, the Court concludes that staying scheduling and discovery pending finalize of the parties' settlement agreement is appropriate.

IT IS HEREBY **ORDERED** that the Initial Motion [#209] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that the Motion to Stay [#236] is **GRANTED**.  The parties shall file settlement papers no later than **March 12, 2012**.

IT IS FURTHER **ORDERED** that all discovery is **STAYED** through and including

**March 12, 2012**.

IT IS FURTHER **ORDERED** that all pending Answer deadlines and the Scheduling Conference set for February 13, 2011 at 10:30 a.m. are **VACATED**.

DATED: January 25, 2012 at Denver, Colorado.

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge