**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-00842-WJM-KLM

DENIS RYSKAMP, derivatively on behalf of BOULDER GROWTH & INCOME FUND, INC.,

      Plaintiff,

v.

JOEL W. LOONEY,
DEAN L. JACOBSON,
RICHARD I. BARR,
SUSAN L. CICIORA,
JOHN S. HOREJSI,
STEPHEN C. MILLER,
JOEL L. TERWILLIGER,
CARL D. JOHNS,
THE ERNEST HOREJSI TRUST NO. 1B,
BOULDER INVESTMENT ADVISERS, LLC,
STEWART INVESTMENT ADVISERS, and
FUND ADMINISTRATIVE SERVICES, LLC,

      Defendants,

and

BOULDER GROWTH & INCOME FUND, INC.,

      Nominal Defendant.

_____

**ORDER PRELIMINARILY APPROVING DERIVATIVE LITIGATION SETTLEMENT
AND PROVIDING FOR NOTICE OF SETTLEMENT**
_____

      WHEREAS, Plaintiff Denis Ryskamp has filed an Unopposed Motion for

Preliminary Approval of Derivative Litigation Settlement (ECF No. 252), pursuant to

Federal Rule of Civil Procedure 23.1;

WHEREAS the Unopposed Motion for Preliminary Approval of Derivative

Litigation Settlement seeks an order from this Court (i) preliminarily approving the

settlement of this action, in accordance with a Stipulation and Agreement of Settlement

("Agreement") (ECF No. 253-1), which, together with the Exhibits annexed thereto, sets

forth the terms and conditions for a proposed settlement and dismissal of this action

with prejudice; (ii) approving for distribution the form and program of notice described in

the Agreement; and (iii) scheduling a fairness hearing before the Court to determine

whether the proposed settlement should be finally approved; and

WHEREAS, the Court, having considered the Unopposed Motion for Preliminary

Approval of Derivative Litigation Settlement, the memorandum in support of the

Unopposed Motion, the Agreement, and the Exhibits annexed thereto:

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    Plaintiff's Unopposed Motion for Preliminary Approval of Derivative Litigation

Settlement (ECF No. 252) is GRANTED.

2.    This Court does hereby preliminarily approve, subject to further consideration at

the Settlement Hearing described below, the Agreement and the settlement set

forth therein between Plaintiff and Defendants, including the terms and conditions

for settlement and dismissal with prejudice of this action.

3.    HOWEVER, this Court's preliminary approval of the Agreement and settlement

between Plaintiff and Defendants in no way constitutes, and should not be

interpreted as, preliminary approval of Plaintiff's counsel's expressed intention to

seek from the Court an award of $1.5 million in attorneys' fees and an award of $50,000 to Plaintiff.  Although the parties have provided sufficient information to the Court for the Court to preliminarily approve the Agreement and settlement between the parties, the parties have not provided sufficient information to the Court for the Court to draw any conclusion regarding the propriety of an award of $1.5 million in attorneys' fees  and an award of $50,000 to Plaintiff.  Indeed, the Memorandum of Law in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Derivative Litigation Settlement (ECF No. 253) makes absolutely no showing regarding why such awards would be proper.  And notably, the Agreement itself provides that the settlement between the parties is not contingent on "the approval by the Court of any such attorneys' fees, expenses, or compensation to Plaintiff and/or Plaintiff's counsel."  (ECF No. 253-1, ¶ 5.4.)

4.      A hearing (the "Settlement Hearing") shall be held before this Court on July 31, 2012 at 9:00 a.m. in Courtroom A801 at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294-3289, to determine whether the settlement provided for in the Agreement is fair, reasonable, and adequate to Boulder Growth & Income Fund, Inc. ("Boulder") and its current stockholders as of March 26, 2012, and should be approved by the Court; whether a Judgment as provided in 1.3 of the Agreement should be entered herein; and, to the extent the settlement is approved and judgment is entered in

accordance with same, what amount of attorney's fees and monetary payment

should be awarded to Plaintiff.

5.    This Court approves, as to the form and content, the Notice of Pendency of

Derivative Action, Proposed Settlement of Derivative Action, and Settlement

Hearing (the "Notice"), attached as Exhibit C to the Agreement, and the

Summary Notice of Pendency of Derivative Action, Proposed Settlement of

Derivative Action, and Settlement Hearing (the "Summary Notice"), attached as

Exhibit D to the Agreement, and finds that the mailing and/or publication of these

notices, substantially in the manner and form set forth in the Agreement and this

Order, meets the requirements of Federal Rule of Civil Procedure 23.1 and due

process, are the best notice practicable under the circumstances, and shall

constitute due and sufficient notice to Boulder's stockholders.  <u>The parties shall

include the date and time of the Settlement Hearing in the Notice and Summary

Notice</u>.  The cost of mailing and publishing the Notice and Summary Notice shall

be borne by Boulder.

6.    Not later than 15 business days after the date the Court enters this Order,

Boulder shall cause the Notice to be mailed to the current record holders and

beneficial owners of common stock of Boulder via first-class mail through the

U.S. Postal Service, or an equivalent method of mailing.

7.    Not later than 10 business days after the date the Court enters this Order,
Boulder shall cause the newswire service PR Newswire to issue the Summary
Notice once to the public in the U.S.

8.    Not later than 10 business days after the date the Court enters this Order,
Boulder will provide access to the content of the Notice on the homepage of
Boulder's website (http://www.boulderfunds.net/home.php) with a statement or
heading identifying the settlement with a hyperlink that brings users to a web
page containing the content of the Notice.  Public access to the Notice will be
maintained via Boulder's website continuing through the date of the Judgment.

9.    Plaintiff's counsel, Statman, Harris & Eyrich, LLC, 3700 Carew Tower, 441 Vine
Street, Cincinnati, Ohio 45202, will provide the Notice in response to written
requests for the Notice by interested persons.

10.   At least 14 calendar days prior to the Settlement Hearing, Boulder shall file with
the Court proof, by affidavit or declaration, of such mailing and publishing
described in paragraphs 6, 7, 8, and 9 above.

11.   All Boulder stockholders shall be bound by all orders, determinations and
judgments in this action concerning the settlement, whether favorable or
unfavorable to the Boulder stockholders.

12.   Pending final determination of whether the settlement should be approved, no
Boulder stockholders, either directly, representatively, or in any other capacity,

shall commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

13.    All papers in support of the settlement shall be filed with the Court and served at least **21 days** before the date of the Settlement Hearing.

14.    Any current Boulder stockholders as of March 26, 2012, the date the Agreement was filed, may appear and show cause, if he, she or it has any reason why the settlement should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, or why attorneys' fees should not be awarded to Plaintiff's Counsel; provided, however, that no Boulder stockholders shall be heard or entitled to contest the approval of the terms and conditions of the settlement unless that person has, at least **21days** before the Settlement Hearing, filed with the Clerk of Court and served on the following counsel (delivered by hand or sent by first class mail) written objections and copies of any papers and briefs in support thereof:

Jeffrey P. Harris
Alan J. Statman
Brian Giles
Statman, Harris & Eyrich, LLC
3700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202

*Attorneys for Plaintiff Denis Ryskamp*

William F. Sullivan
Joshua G. Hamilton
D. Scott Carlton
PAUL HASTINGS LLP

515 South Flower Street, 25th Floor
Los Angeles, CA 90071

*Attorneys for Defendants: Boulder Growth and Income Fund, Inc., Joel W. Looney, Dean L. Jacobson, Richard I. Barr*

Bruce A. Montoya
Edward J. Hafer
MESSNER & REEVES, LLC
1430 Wynkoop Street, Suite 300
Denver, CO 80202

*Attorneys for Defendants: Susan L. Ciciora, John S. Horejsi, The Ernest Horejsi Trust No. 1B*

Jordan Eth
Judson Lobdell
MORRISON & FOERSTER LLP
425 Market Street #3200
San Francisco CA 94105-2482

*Attorneys for Defendants: Stewart R. Horejsi, Stephen C. Miller, Joel L. Terwilliger, Boulder Investment Advisers, LLC, Stewart Investment Advisers, Fund Administrative Services, LLC*

Michael R. MacPhail
Faegre Baker Daniels, LLP
3200 Wells Fargo Center
1700 Lincoln Street
Suite 3200
Denver, CO 80203

*Attorney for Defendant Carl D. Johns*

The written objections and copies of any papers and briefs in support thereof to

be filed in Court shall be delivered by hand or sent by first class mail to:

Clerk of Court
United States District Court
District of Colorado
Alfred A. Arraj United States Courthouse

7

901 19th Street
Denver, Colorado 80294-3589

Any Boulder stockholder who fails to object or otherwise request to be heard in the manner prescribed above will be deemed to have waived the right to object to any aspect of the settlement or to otherwise request to be heard (including the right to appeal) and will be forever barred from raising such objection or request to be heard in this or any other action or proceeding, and shall be bound by the settlement, the Judgment, and the releases given.

15.    All replies to any objections shall be filed and served at least seven (7) calendar days before the Settlement Hearing.

15.    Neither the Agreement, its Exhibits, terms, or provisions, nor any of the negotiations or proceedings connected with it, shall be deemed, used or construed as an admission or concession by any of the defendants in this action, or as evidence of the truth or validity of any of the allegations in this action, or of any liability, fault or wrongdoing of any kind.

16.    The Court reserves the right to adjourn the date of the Settlement Hearing or to modify any other dates set forth herein, and retains jurisdiction to consider all further applications arising out of or connected to the settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the parties, if appropriate.

17.     Given this Court's preliminary approval of the settlement of this action:

    a.      The stay issued on January 25, 2012 pending the parties' filing of

        settlement papers is hereby LIFTED; and

    b.      The two pending Motions to Dismiss filed on December 16, 2011 (ECF

        No. 196, 198) are DENIED WITHOUT PREJUDICE AS MOOT.

Dated this 20th day of April, 2012.

                                BY THE COURT:

                                _____

                                William J. Martínez
                                United States District Judge