**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-00842-WJM-KLM

DENIS RYSKAMP, derivatively on behalf of BOULDER GROWTH & INCOME FUND, INC.,

    Plaintiff,

v.

JOEL W. LOONEY,
DEAN L. JACOBSON,
RICHARD I. BARR,
SUSAN L. CICIORA,
JOHN S. HOREJSI,
STEPHEN C. MILLER,
JOEL L. TERWILLIGER,
CARL D. JOHNS,
THE ERNEST HOREJSI TRUST NO. 1B,
BOULDER INVESTMENT ADVISERS, LLC,
STEWART INVESTMENT ADVISERS, and
FUND ADMINISTRATIVE SERVICES, LLC,

    Defendants,

and

BOULDER GROWTH & INCOME FUND, INC.,

    Nominal Defendant.
_____

**FINAL JUDGMENT AND ORDER OF DISMISSAL**
_____

    This matter came before the Court for hearing pursuant tot he Order of this Court dated August 14, 2012 (ECF No. 284), on the application of Plaintiff for approval of the settlement set forth in the Stipulation and Agreement of Settlement dated March 23,

2012, and the Exhibits thereto (the "Agreement"). Due and adequate notice having been given to the stockholders of Boulder Growth & Income Fund, Inc. ("Boulder") as required in said Order, and the Court having considered all objections raised, if any, and having considered all arguments made and papers filed and proceedings had herein, and otherwise being fully informed and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. For purposes of this Final Judgment and Order of Dismissal ("the Judgment") the Court incorporates by reference the definitions in the Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Agreement unless otherwise defined herein.

2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the settlement, and over all parties, including nominal defendant Boulder and its stockholders.

3. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Agreement in all respects, and finds that said settlement is, in all respects, fair, just, reasonable, and adequate to, and in the best interests of, Boulder, Boulder's stockholders, and Plaintiff.

4. This Court further finds the settlement set forth in the Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the settlement

      embodied in the Agreement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions.  The Parties are hereby directed to perform the terms of the Agreement.

5. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice.  The Parties are to bear their own costs, except as otherwise provided in the Agreement.

6. The methods of dissemination and publication of the Summary Notice and Notice, respectively, as provided for in the Agreement constituted the best notice practicable under the circumstances to Boulder's stockholders and meets the requirements of Federal Rule of Civil Procedure 23.1, due process under the United States Constitution, and any other applicable law, and constituted due and sufficient notice to all persons entitled thereto.

7. Upon the Effective Date, Plaintiff (in both Plaintiff's individual capacity and Plaintiff's capacity derivatively on behalf of Boulder), Boulder, and each of Boulder's stockholders (in their capacity as stockholders derivatively on behalf of Boulder) shall be deemed to have and by operation of the Judgment shall have fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons including Unknown Claims, and shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be

permanently barred and enjoined from instituting, commencing, or prosecuting the Released Claims against the Released Persons. Nothing herein shall in any way impair or restrict the rights of any of the Parties to enforce the terms of the Agreement. Nothing set forth herein shall constitute a release by Boulder or by Defendants of ICI Mutual Insurance Co.

8. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged Plaintiff and Plaintiff's counsel from all claims, arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the claims asserted or could have been asserted in the Action, including but not limited to as set forth in the Operative Complaint and Plaintiff's Claims, except to enforce the releases and the other terms and conditions contained in the Agreement or the Judgment entered pursuant thereto. Nothing herein shall in any way impair or restrict the rights of any of the Parties to enforce the terms of the Agreement.

9. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the settlement and Agreement; (b) the Parties thereto for the purpose of construing, enforcing, and administering the Agreement, the settlement

provided therein, and the provisions of this Judgment; and (c) any other matter related or ancillary thereto.

10. The Court finds that the Action was filed, prosecuted, and defended in good faith, and that during the course of the action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and all other similar rules and statutes.

11. In the event that the Agreement does not become effective in accordance with the terms of the Agreement or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Agreement. Notwithstanding anything contained in the Agreement or this Judgment to the contrary, in the event the Effective Date does not occur, the dismissal with prejudice shall be vacated.

12. Neither the Agreement, nor the settlement contained therein, nor any of the negotiations or proceedings connected with it, shall be deemed, used or construed as an admission or concession by any of the Defendants in this Action, or as evidence of the truth or validity of any of the allegations in this Action, or of any liability, fault or wrongdoing of any kind. Neither the Agreement, nor the settlement, nor any act performed or document

executed pursuant to, or in furtherance of the Agreement or the settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Agreement and except that the Released Parties may file the Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

Dated this 22nd day of August, 2012.

ENTERED FOR THE COURT:

GREGORY C. LANGHAM, CLERK

By: s/Edward P. Butler
Edward P. Butler, Deputy Clerk

ORDERED AND APPROVED
BY THE COURT:

Wlliam J. Martínez
United States District Judge